UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | No.  2:22–cv–314–TLN–KJN PS<br><br>ORDER |

In February of 2022, plaintiff, who is proceeding without counsel, filed claims against defendant Rob Bonta and an unnamed officer of the California Attorney General's office (among others).  The court found potential claims in screening, granted plaintiff's motion to proceed without prepayment of the filing fee, and ordered service on defendant Bonta.  (ECF No. 3.)  On June 22, 2022, defendant Bonta filed a motion to dismiss, setting the matter for a July 26 hearing before the undersigned.[1]  (ECF No. 18.)  Under the court's Local Rules, plaintiff was obligated to respond to defendant's motion at least fourteen days after the motion was filed: or July 6, 2022.  See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").  A review of the court's docket reveals plaintiff failed to respond by the deadline.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110.  Moreover, Local Rule 183(a) provides in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel].  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default); see also, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (noting that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss).

///

    Plaintiff's failure to file opposition to the pending motion is in violation of Local Rule 230(c), per Local Rules 110 and 183(a), and indicates to the court that plaintiff may be consenting to the dismissal of his case. See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Thus, plaintiff's claims are subject to dismissal. However, given plaintiff is proceeding without counsel, the court will not recommend dismissal at this time. Instead, the court provides one final opportunity for plaintiff to respond to the pending motion. Any further failure to respond will be construed as non-opposition and will constitute additional grounds for dismissal under Rule 41(b).

    Further, Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ." Accordingly, the hearing on the motion is vacated, and after the expiration of the deadlines below, the court will decide the motion on the record and written briefing only.

    Finally, it appears plaintiff refiled a motion for summary judgment, just prior to when defendant's motion to dismiss was filed. (ECF No. 15.) The court has administratively denied this motion once before as premature. (See ECF Nos. 12, 13.) This second motion for summary judgement is similarly denied without prejudice as premature. Plaintiff shall cease refiling this motion, and continued filings may be deemed vexatious, sanctionable conduct.

    Accordingly, IT IS HEREBY ORDERED that:

1. The July 26, 2022, hearing on defendant's motion (ECF No. 18) is VACATED;
2. Plaintiff shall file a written opposition (or a statement of non-opposition) to the motion to dismiss on or before July 26, 2022. Failure to do so will be deemed a statement of non-opposition and consent to the granting of the motion, and may constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);
3. Defendant may file a written reply to plaintiff's opposition within one week of plaintiff's opposition. The court will take the matter under submission after this date. If after reviewing the submissions the court determines a hearing is

1 necessary, the court will notify the parties and set an appropriate date. See Local
2 Rule 230(g); and

3   4.   Plaintiff's successive motion for summary judgement (ECF No. 15) is DENIED
4        WITHOUT PREJUDICE.

Dated: July 13, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

roge.314

4