1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIM EDWARD ROGERS,                    No.  2:22–cv–314–TLN–KJN PS

12              Plaintiff,                 ORDER AND FINDINGS AND
                                           RECOMMENDATIONS ON DEFENDANT
13        v.                               BONTA'S MOTION TO DISMISS AND
                                           PLAINTIFF'S REQUEST FOR DISCOVERY
14   ROB BONTA, et al.,
                                           (ECF Nos. 10, 18.)
15              Defendants.

16

17        Pending before the court is defendant Bonta's motion to dismiss plaintiff's civil rights

18   claims for failure to state a claim.  Defendant Bonta argues he is immune from monetary damages

19   for acts in his official capacity, and no facts connect his direct actions to the alleged wrongdoing.

20   Defendant contends the claims should be dismissed without leave to amend.  (ECF No. 18.)

21   Plaintiff, appearing without counsel, generally opposes dismissal of the claims against defendant

22   Bonta.  (ECF No. 21.)  Plaintiff also filed for initial disclosures and requests for admissions from

23   defendant, and request for judicial notice.  (ECF Nos. 10, 20, 23.)

24        For the reasons below, the court recommends defendant Bonta's motion to dismiss be

25   GRANTED; plaintiff's motion for initial disclosures be GRANTED IN PART; and leave to

26   amend be GRANTED.  The court submits to the district judge its earlier screening disallowing

27   service on defendant "Newsome."  The requests for admission (ECF No. 20) are DENIED as

28   premature, and the request for judicial notice (ECF No. 23) is DENIED.

1

1

**Background**

2          According to the complaint, construed liberally, plaintiff's personal information was

3   wrongfully listed on "290 P.C. website controlled by the California State Attorney General."

4   (ECF No. 1 at 5.)  Attached to the complaint is a letter from the Attorney General's office, dated

5   June 29, 2020, regarding a request by plaintiff to "exclude[e] from display on the Megan's Law

6   Internet site pursuant to California Penal Code section 290.46." (Id. at 10.)  Plaintiff requested

7   exclusion on March 9, 2020, which appears to have been approved. (Id. at 9-10.)  Also attached

8   is a similar request made by plaintiff in 2004-05. (Id. at 13-15.)  Plaintiff alleges violations of

9   various constitutional rights under 42 U.S.C. § 1983; these include alleged violations of the 4th

10  Amendment, 14th Amendment equal protection clause, and "substantive or procedural due

11  process" violations. (Id. at 5.)  Plaintiff seeks monetary and punitive damages and an "injunction

12  against further misuse" of the website. (Id. at 7.)  Plaintiff names as defendants the Governor of

13  California in his official capacity, the California Attorney General (potentially both in individual

14  and official capacity), a Doe #1 defendant "manager of the California sex offender registry" (in

15  his or her official capacity), and nine other Doe defendants. (Id. at 3-4.)

16         Plaintiff filed his complaint in February of 2022 alongside a motion to proceed without

17  prepayment of the filing fee. (ECF Nos. 1, 2.)  The court screened the complaint under 28 U.S.C.

18  § 1915, found potential claims against the Attorney General and Doe Defendant manager, and

19  ordered service thereon; however the court found no factual connection to the Governor and so

20  denied service thereon. (ECF No. 3.)  The court explicitly noted that the Doe defendant

21  manager's name, as a purported employee of the Attorney General's office, may be discoverable

22  later. (Id. at 3.)  Defendant Bonta waived service and moved to dismiss the claims against him,

23  arguing Eleventh Amendment immunity on the official capacity money damages and a lack of

24  plausible facts connecting him to the alleged wrongdoing. (ECF No. 18.)  Plaintiff generally

25  opposed dismissal, and the court took the matter under submission without a hearing. (ECF Nos.

26  21, 24.)

27         Additionally, plaintiff filed a motion for initial disclosures (before Bonta was served), a

28  request for admissions, and a request for judicial notice. (ECF Nos. 10, 20, 23.)

1       **A. Defendant Bonta's Motion to Dismiss**

2       <u>Legal Standards</u>

3               A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

4       relief can be granted." Rule 12(b)(6).[1]  A complaint fails to state a claim if it either lacks a

5       cognizable legal theory or sufficient facts to allege a cognizable legal theory.  <u>Mollett v. Netflix,

6       Inc.</u>, 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a

7       complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic

8       recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

9       555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action,

10      supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

11      (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

12      claim to relief that is plausible on its face." <u>Id.</u>  "A claim has facial plausibility when the plaintiff

13      pleads factual content that allows the court to draw the reasonable inference that the defendant is

14      liable for the misconduct alleged." <u>Id.</u>

15              When considering whether a complaint states a claim upon which relief can be granted,

16      the court must accept the well-pleaded factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S.

17      89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see Papasan

18      v. Allain</u>, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

19      "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

20      or "legal conclusions merely because they are cast in the form of factual allegations." <u>Paulsen v.

21      CNF Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  Pro se pleadings are to be liberally construed.

22      <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even

23      post–<u>Iqbal</u>).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and

24      provide an opportunity to cure—if the defects can be corrected.  <u>See Lopez v. Smith</u>, 203 F.3d

25      1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to

26      amend need be given.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

27

28      ---
        [1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure unless otherwise noted.

1    **<u>Analysis</u>**

2          Based on the facts alleged in the complaint and arguments by the parties, the court finds

3    defendant Bonta's position on plaintiff's claims to align with the law.  Construing plaintiff's

4    complaint liberally, the court considers the monetary and injunctive requests against Bonta in his

5    official and individual capacity.

6          Regarding the official capacity portion of plaintiff's claims, defendant is correct that suits

7    for money damages against officers acting in their official capacity are generally barred.  The

8    Eleventh Amendment states: "The judicial power of the United States shall not be construed to

9    extend to any suit in law or equity, commenced or prosecuted against one of the United States by

10   Citizens of another State, or by Citizens or Subjects of any Foreign State."  Courts have long

11   interpreted this as a bar to suit on sovereign immunity grounds absent consent to suit by the state.

12   <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-678 (1974); <u>see also</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991)

13   ("Suits against state officials in their official capacity therefore should be treated as suits against

14   the State.").  Thus, the official capacity money damages claims should be dismissed.

15         As to the claims against defendant Bonta in his individual capacity, the court finds

16   plaintiff fails to allege sufficient facts connecting the Attorney General himself to the alleged

17   wrongful reporting on the Megan's Law website.  To state a claim for relief under Section 1983, a

18   plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a

19   plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  <u>Nurre</u>

20   <u>v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009).  The causation inquiry "must be

21   <u>individualized</u> and focus on the duties and responsibilities of <u>each</u> individual defendant whose

22   acts or omissions are alleged to have caused a constitutional deprivation."  <u>Leer v. Murphy</u>, 844

23   F.2d 628, 633 (9th Cir. 1988) (emphasis added).  Here, plaintiff merely alleges the office violated

24   his constitutional rights, which is insufficient to meet the plausibility standards under Rule

25   12(b)(6).  Though pleadings from pro se plaintiffs are construed liberally, sufficient facts must

26   still be stated to put a defendant on notice of the basis for the claims.  The complaint fails to do so

27   against defendant Bonta.  <u>Iqbal</u>, 556 U.S. at 678.  Thus, the court recommends defendant Bonta's

28   motion to dismiss the individual capacity claims should be granted.

**B.  Doe Defendants, Limited Discovery, and Leave to Amend**

Turning now to whether plaintiff should be allowed to amend, the court finds plaintiff should be allowed to do so after an opportunity for limited discovery.

Under relevant Ninth Circuit precedent, a plaintiff is to be granted leave for limited discovery when the identity of an unnamed, doe defendant is not known before filing the complaint.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In such case, a court may grant the plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities."  Here, plaintiff specifically named as a defendant "John Doe #1, Manager, California Sex Offender Registry," and has explicitly requested initial disclosures from defendants.  (ECF No. 1 at 4, ECF No. 10.)  Despite the court's citation to Gillespie in the screening order, defendant did not address this potential issue, instead merely requesting dismissal with prejudice of the claims against Defendant Bonta.  (ECF No. 18.)  Thus, given the potential that plaintiff could state, for example, a procedural due process claim against the individual who put plaintiff's name on the website, allegedly without authority to do so and without notice or a hearing, the court finds it appropriate to grant plaintiff the ability to discover the name of this individual.  After the name is known to plaintiff, he may amend his complaint to state claim(s) against this person in their individual capacity for money damages.

As to defendant Bonta, the court recommends leave to amend be denied, as the court finds it implausible the Attorney General himself posted plaintiff's name to the website.  Iqbal, 556 U.S. 662, 678; Cahill, 80 F.3d at 339.

Further, as to plaintiff's allegations seeking monetary damages against the Governor of California in his official capacity, the court submits its earlier findings to the district judge for review (see ECF No. 3), and recommends all claims against the Governor be dismissed without leave to amend.  See Id.

**C.  Ancillary Motions**

On July 21, 2022, plaintiff filed a request for admissions with the court.  (ECF No. 20.)  These RFA's are directed at defendant Bonta.  However, as the court recommends defendant Bonta should be dismissed from this case, these RFA's are moot.  Further, the court notes that

1  because no operative claims exist at this point, plaintiff's motion for discovery is premature.

2  Thus, plaintiff's motion for request for admissions is DENIED.

3      Further, plaintiff filed a document entitled "judicial notice." (ECF No. 23.)  This filing

4  appears to relate to a home in Sacramento, and was likely filed in the wrong case.[2]  Regardless,

5  this filing does not appear to have any connection with this case, and so to the extent plaintiff

6  requests the court take judicial notice of it, the request is denied.

7  **INSTRUCTIONS FOR DISCOVERY AND AMENDMENT**

8      Plaintiff must conduct the allowed discovery by propounding a question by written

9  deposition pursuant to Federal Rule of Civil Procedure 31 on the Attorney General's Office,

10  solely seeking the identity of the Doe defendant who placed his name on the website.  Plaintiff

11  shall serve the written question within 21 days of the date of the district judge's order, should

12  these recommendations be adopted.[3]  The Attorney General's Office has 21 days to respond.

13      Within 30 days after receiving the name, plaintiff shall file an amended complaint with the

14  court naming the individual and detailing the claim(s) against this person.  Thereafter, the court

15  will order service of process on this defendant.  Plaintiff is informed that the court cannot refer to

16  a prior complaint or other filing in order to make plaintiff's first amended complaint complete.

17  Local Rule 220 requires that an amended complaint be complete in itself without reference to any

18  prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and

19  once the first amended complaint is filed, the original complaint no longer serves any function in

20  the case.  Plaintiff is warned that failure to serve the discovery request or amended complaint by

21  the deadlines may result in the dismissal with prejudice due to plaintiff's failure to prosecute.

22  ///

23

24  [2] The court notes plaintiff and another, Mary Alice Nelson-Rogers, are serial filers in this court,
25  and many of their cases concern this house.  <u>See, e.g.</u>, 2:21-cv-1809; 2:21-cv-1908; 2:22-cv-1799.

26  [3] Given that the court is recommending dispositive findings be adopted against defendant Bonta,
    plaintiff will have an opportunity to object, as detailed at the end of this F&R.  Further, defendant
27  Bonta may address the court's decision regarding the doe defendant during the objections period.
    Thereafter, the issue will be submitted to the district judge, and discovery will only proceed if
28  these recommendations are adopted.

1    Finally, nothing in this order requires plaintiff to seek this discovery and file an amended

2    complaint.  If plaintiff determines that he is unable to comply with the court's recommendations

3    at this time, he may alternatively file a notice of voluntary dismissal of his claims without

4    prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 21 days of this order.

5                                    **ORDER AND RECOMMENDATIONS**

6    Accordingly, IT IS HEREBY ORDERED that:

7    1.  Plaintiff's motion for leave to serve requests for admission (ECF No. 20) is DENIED;

8    2.  Plaintiff's motion for judicial notice (ECF No. 23) is DENIED; and

9    3.  Plaintiff's motion for initial disclosures (ECF No. 10) is DENIED IN PART as

10       premature, except as recommended below.

11   Further, it is RECOMMENDED that:

12   1.  The claims against defendants Bonta and "Newsome" be DISMISSED WITH

13       PREJUDICE; and

14   2.  Plaintiff be granted leave to conduct limited discovery regarding the name of Doe

15       Defendant #1, and thereafter be granted leave to amend as to this defendant only.

16   These findings and recommendations are submitted to the United States District Judge assigned to

17   the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

18   being served with these findings and recommendations, any party may file written objections with

19   the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

20   Recommendations."  The parties are advised that failure to file objections within the specified

21   time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449,

22   455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23   Dated:  October 19, 2022

24

25                                                    KENDALL J. NEWMAN

     roge.314                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

7