UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>    Plaintiff,<br><br> v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | No. 2:22–cv–314–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DENY TRO<br><br>(ECF NO. 26.) |

  On November 1, 2022, plaintiff filed an emergency motion for a temporary restraining order ("TRO").[1] (ECF No. 26.) Therein, plaintiff requests the court to enjoin defendants and a law firm from preventing him filing documents in his case. Plaintiff cites to another of his cases in this court, 2:22-cv-1157-TLN-AC, and generally avers he will be irreparably harmed if an injunction is not entered. Of note, the undersigned recommended plaintiff's complaint against defendant Bonta be dismissed and leave to amend be given. (ECF No. 25.) Further, the parties and law firm plaintiff refers to in his TRO are not parties in this action.

  For the reasons stated below, the undersigned recommends denying plaintiff's motion.

///

///

---

[1] This motion proceeds before the undersigned pursuant to Local Rule 302(c)(21) for the filing of findings and recommendations. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

1

**Discussion**

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." Homeowners v. Calif. Building Industry Assoc., 2006 WL 5003362, *2, 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002)).  The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

Because plaintiff is proceeding without counsel, it is difficult to understand the nature of his request. However, it is clear plaintiff is concerned about a myriad of issues, as he cites to another of his cases pending in this court. Further, plaintiff references a law firm who has not appeared in this action or the -1157 action.

Aside from these things, plaintiff does not currently have any claims pending in the -314 case. The court recently recommended plaintiff's claims (concerning the placement of his name on California's sex offender registry) against defendant Bonta be dismissed, and plaintiff be given leave to amend. (ECF No. 25.) The court is currently awaiting the parties' objections to the recommendations, after which time the district judge will review the case.

Thus, because plaintiff's TRO seeks relief completely unhinged from his claims in this case, which are currently under review for dismissal, plaintiff cannot meet the standards for granting of a TRO. Immigrant Assistance Project, 306 F.3d at 873.

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that plaintiff's emergency motion for temporary restraining order (ECF No. 26) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written

2

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 2, 2022

roge.314

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE