UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | No. 2:22–cv–314–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

Plaintiff, proceeding without the assistance of counsel, filed a complaint against several defendants; and plaintiff requested leave to proceed without prepayment of the filing fee. (See ECF Nos. 1, 2.) Ultimately, the court granted defendants' motion to dismiss in part, providing plaintiff with leave to amend after limited discovery on the identification of one doe defendant. (ECF Nos. 25, 30.) On March 20, 2023, the court noted that significant time had passed without an amended complaint being filed. Rather than recommending dismissal at that time, however, the court ordered plaintiff to inform the court why he had not amended his complaint. (ECF No. 31.) Plaintiff was given another 14 days to show cause and was warned—in even stricter terms— that failure to comply "will result in a recommendation that this action be dismissed with prejudice under Rule 41(b)." (Id.) More than 14 days passed without a response from plaintiff. Accordingly, the undersigned recommends dismissing this case with prejudice under Rule 41(b).

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case

1

pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik, 963 F.2d at 1260. These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case was delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to

prepare their defense; with the passage of time, memories fade and evidence becomes stale. The fifth factor also favors dismissal because the court has already attempted less drastic alternatives. Specifically, after granting plaintiff leave to proceed without paying the filing fee, the court informed plaintiff of the complaint's deficiencies and granted leave to amend. However, plaintiff filed nothing since then, leaving the court with little alternative but to recommend dismissal. Given plaintiff's request to proceed IFP, it is unlikely that monetary sanctions would be effective. As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 12, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

roge.314